[Civ. No. 4115. Third Appellate District.—July 2, 1930.]

ROBERTA E. BARKER, Respondent, v. M. J. PHILLIPS et al., Appellants.

J. Allen Frankel and A. V. Kaufman for Appellants.

J. S. LePage for Respondents.

PULLEN, J., *pro tem.*—On or about the seventeenth day of November, 1924, appellants herein, as plaintiffs, filed an action in the Superior Court of Los Angeles County against George S. Barker, and at the same time levied an attachment upon all the right, title and interest of George S. Barker in and to certain described real property, which property at that time stood in the names of George S. Barker and Roberta E. Barker, as joint tenants. Thereafter, plaintiffs in said action recovered judgment and caused an execution to be issued against the property in question for the purpose of proceeding wth the sale of said property. Thereupon, plaintiff herein, Roberta E. Barker, filed a complaint praying that the sheriff of the county of Los Angeles be enjoined from selling or otherwise proceeding under said writ of execution, and alleging in her complaint that the property in question was her separate property, and that on or about the seventeenth day of March, 1925, her husband had conveyed to her all his right, title and interest in the property, and that on the same day she had executed a declaration of homestead upon her property.

At the trial of the action the court rendered judgment for plaintiff. Thereafter defendants moved for a new trial, which was denied, and from that order and from the judgment defendants appeal.

Appellants' principal ground for reversal is based upon the statement of the trial court, which they claim precluded them from presenting their defense. It appears from the record that after plaintiff had presented her case in chief, the court said: "The question as to the validity of the homestead can only be properly determined upon the application of the execution by proceeding under section 1245 of the Civil Code. It is unnecessary in this case to rule upon the status of the title, whether it was community property or separate property of the wife or separate property of the husband. In any event this sale cannot proceed; and a permanent injunction is directed to be issued against the sheriff." Plaintiff therein (respondent here), was di-

rected to prepare findings, which were in due time presented and signed, and a judgment in accordance therewith entered. Then for the first time appellants learned that the findings attempted to adjudicate the separate character of the property and to find that the defendant in the action, George S. Barker, did not own, and had no right, title or interest therein.

We believe that the statement of the trial court quoted above misled appellants as to the nature of the findings the trial court would adopt, and that as a result thereof they did not offer any proof upon the question of title. Whether or not they could have adduced such evidence is not before us, but an opportunity should have been extended them, if they had so desired, to meet the issues that were later found by the trial court.

It is therefore the direction of this court that the findings be amended by striking therefrom all portions thereof pertaining to the separate character of the property of the wife, or the want of title thereto in the husband, leaving only the issue as to the injunction remaining therein, and with such amendment the judgment to stand affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.